UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,
    Plaintiff,

vs.                                                Case No.:  3:21cv1570/MCR/ZCB

STEVEN PEPE and
LINDA CATANO,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's "Motion for Entry of Default Final Judgment." (Doc. 31).  Plaintiff, proceeding *pro se*, seeks default judgment under Rule 55(b)(2) against Defendants Thomas Pepe and Linda Catano for failure to answer his complaint. (*Id.* at 1).  For the reasons below, the undersigned respectfully recommends that Plaintiff's motion be denied.

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within a specified time "after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff claims that he served Defendants on July 26, 2022 and July 29, 2022. (*Id.*).  But the Court has quashed these attempts at service. (Doc. 26).  Plaintiff now has until November 4, 2022 to effect proper service on Defendants with newly issued summonses.  (Doc. 32).  Since Plaintiff has yet to properly serve Defendants, Defendants' timeframe in

1

which to file a responsive pleading has not yet begun or expired. Thus, Defendants have not defaulted.

Moreover, there is a two-step procedure for obtaining a default judgment under Rule 55(b)(2). *See* Fed. R. Civ. P. 55(a), (b). First, the Clerk of Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after receiving an entry of default, the party must apply for default judgment. *See* Fed. R. Civ. P. 55(b). "The law is clear that these two separate steps cannot be combined into one . . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." *Bardfield v. Chisholm Properties Circuit Events, LLC*, No. 3:09-cv-232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010); *see also* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Here, there has been no entry of default by the Clerk. Thus, even if Plaintiff had perfected service and Defendants had failed to response, his motion for default judgment would be premature.

For these reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's "Motion for Entry of Default Judgment" (Doc. 31) be **DENIED**.

At Pensacola, Florida, this the 21st day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**