UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,
    Plaintiff,

v.  Case No.: 3:21cv1570/MCR/ZCB

STEVEN PEPE and
LINDA CATTANO,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* case where Plaintiff was ordered to file a second amended complaint by April 14, 2023, because the amended complaint (Doc. 15) was an impermissible shotgun pleading. (Doc. 47). Plaintiff has failed to comply with the Court's order. Because the amended complaint is an impermissible shotgun pleading and Plaintiff has failed to follow an order of the Court, this case should be dismissed.

### I.    Background

Plaintiff commenced this action by filing a complaint on the form for civil rights actions under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983. (Docs. 1, 15). Plaintiff's amended complaint arises out of a familial dispute over the estate of his father.[1] In the amended complaint, Plaintiff names two of his siblings, Steven Pepe

---

[1] Plaintiff initially filed several civil rights cases on the same day. (Doc. 4). Those

1

and Linda Cattano, as Defendants. (*Id.*). The amended complaint alleges Defendants committed "slander," "sexual harassment," "verbal and mental abuse," "bullying," "attempted murder—trying to get me to comits [sic] suicide," "impersonation on [Facebook]," and "theft." (Doc. 15 at 24). Plaintiff has sought $1.5 million in damages from each sibling, and he has asked that Defendants' "inheritances [be] taken away for abusing the Court systems." (*Id.*).

Upon review of the amended complaint, the Court found that it was an impermissible shotgun pleading that violates the Federal Rules of Civil Procedure. (Doc. 47).[2] Plaintiff was given the opportunity to correct the pleading deficiencies by filing a second amended complaint. (*Id.* at 9). Yet Plaintiff has failed to do so.

## II. Discussion

### A. Plaintiff's amended complaint should be dismissed because it is an impermissible shotgun pleading.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state [his] claims [] in numbered paragraphs, each limited as far as practicable to a

---

cases were later consolidated with this case, and Plaintiff was ordered to amend his complaint to present all of his claims from the three consolidated cases into one amended complaint. (Doc. 14).

[2] The Eleventh Circuit has stated that "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009).

single set of circumstances." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint falls into at least two of the four categories of shotgun pleadings. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. Plaintiff's claims arise from Defendants' actions during the settling of their father's estate. The amended complaint is largely a stream of consciousness description of Plaintiff's lengthy feud with his siblings. It contains numerous facts that are immaterial to the claims asserted. For instance,

- Plaintiff spends several pages accusing Defendants of stealing his inheritance from his mother's estate nine years ago. (Doc. 15 at 5-12).

- Plaintiff describes Defendant Pepe's tumultuous divorce and Plaintiff's relationship with Defendant Pepe's ex-wife and children. (*Id.* at 8-11).

- Plaintiff talks about how he provided (or currently provides) for his father, stepmother, and Defendant Pepe's ex-wife. (*Id.* at 10-11, 15).

- Plaintiff describes in some detail his relationship with non-party family members, including his strained relationship with his mother before she died. (*Id.* at 6, 12, 13-14).

- Plaintiff explains why he believes his father's death was

4

> "extremely strange" and suspicious. Plaintiff appears to suggest that his father was murdered or his death was covered up, potentially by Defendants. (*Id.* at 14, 17-18).

Those are just a handful of examples of the immaterial information contained in the amended complaint. And even those "allegations that are material are buried beneath [] pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Neither the Court nor Defendants should be required to "sift through the facts presented and decide for [themselves] which [are] material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomm. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).

Moreover, the amended complaint contains conclusory allegations with no supporting explanation. Plaintiff repeatedly asserts that Defendants have "threatened," "ruined," or "destroyed" him over the last nine years, but he fails to support those allegations with specific facts. (Doc. 15 at 6, 7, 9, 12, 16); *see also* (*id.* at 23). Additionally, it is unclear what—if any—facts in the complaint support some of Plaintiff's alleged claims. For example, he brings a claim for "sexual harassment," but no facts state or imply that he was sexually harassed by Defendants. (*Id.* at 24). He also brings a claim for "theft." Yet, he makes only conclusory allegations that Defendants have stolen from him. The same could be said for other claims raised by Plaintiff.

Second, Plaintiff's amended complaint "asserts multiple claims against

5

multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up).  Plaintiff lists multiple claims, but never specifies whether he brings the claims against both Defendants or only one.

In sum, Plaintiff's complaint is a shotgun pleading.  It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted).

The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are construed liberally.  *See, e.g.*, *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).  But a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Plaintiff was told of the deficiencies in his complaint, provided with an opportunity to re-plead the complaint to cure those deficiencies, and warned that a failure to do so would result in a recommendation of dismissal of his case. (Doc. 47 at 6).  Plaintiff chose not to amend his complaint.  Thus, his amended complaint is due to be dismissed as a shotgun pleading.  *See Jackson*, 898 F.3d at 1358

6

(explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (affirming dismissal of a shotgun pleading after the court provided the plaintiff with an opportunity to file an amended complaint); *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019) (finding dismissal of shotgun pleading was appropriate where plaintiff had been provided with an opportunity to amend).

### B. Plaintiff's case should be dismissed for failure to comply with an order of the Court.

Additionally, Plaintiff's case should be dismissed for failure to comply with an order of the Court. On March 15, 2023, the Court ordered Plaintiff to file a second amended complaint within thirty days.³ (Doc. 47). The Court notified Plaintiff that his failure to comply with an order of the Court would result in a recommendation of dismissal of this case. (*Id.* at 9). Nonetheless, Plaintiff has not filed an amended complaint, moved for an extension of time, or otherwise responded to the Court's

---

³ In addition to pointing out that Plaintiff's amended complaint constituted a shotgun pleading, the Court warned Plaintiff that he had failed to properly plead subject matter jurisdiction. Plaintiff chose to submit his amended complaint on a form purporting to confer federal question jurisdiction. Plaintiff's amended complaint, however, failed to reference any federal law. Rather, the claims in his amended complaint appeared to be state law claims. Plaintiff also failed to sue any government actor, as required to maintain a civil rights claim under 42 U.S.C. § 1983. (*See* Doc. 49 at 6-8). Plaintiff was warned of this deficiency but failed to remedy it. (Docs. 14, 49).

order. Accordingly, Plaintiff's case is subject to dismissal for failure to comply with an order of the Court. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order"); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Jacobs v. Clayton Cnty. Solic. Gen. Off.*, 685 F. App'x 824 (11th Cir. 2017) (affirming the district court's dismissal where the plaintiff failed to comply with a court order requiring he file an amended complaint).

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1. Plaintiff's complaint (Doc. 15) be **DISMISSED with prejudice** as an impermissible shotgun pleading and for failure to follow a court order;

2. All pending motions be denied as moot; and

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 27th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's**

8

**internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**